**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

v.                                                 Case No: 6:23-cv-1043-CEM-DCI

**LILLIAN SHIFFMAN, MARY JANE**
**FACCIPONTI and JOANN SORENSEN,**

        **Defendants.**

---

## ORDERED

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | United States' Motion for Default Judgment Against Mary Jane Facciponti and Joann Sorensen (Doc. 24) |
| **FILED:** | October 10, 2023 |

**THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

The United States brought this case against Lillian Shiffman (Shiffman), Mary Jane Facciponti (Facciponti), and Joanne Sorensen (Sorensen) for fraudulent transfers pursuant to 28 U.S.C. §§ 3304(B)(1)(A) and (B) and 28 U.S.C. § 3307(B). Doc. 1 (the Complaint). The United States requests that the Court declare that the transfers are fraudulent and enter judgments against Facciponti for $780,500 and Sorensen for $650,000 with prejudgment and post-judgment interest. *Id.* at 14. Defendants did not file an answer or otherwise respond to the Complaint. By separate orders, the Court granted the United States' Motion for Clerk's Entry of Default as to Shiffman and Motion for Clerk's Entry of Default as to Facciponti and Sorensen. Docs. 16-18, 21-23.

Pending before the Court is the United States' Motion for Default Judgment Against Facciponti and Sorenson brought pursuant to Federal Rule of Civil Procedure 55(b). Doc. 24 (the Motion). The Federal Rules of Civil Procedure establish a two-step process for obtaining default judgment. First, when a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided by the Federal Rules of Civil Procedure, and that fact is made to appear by affidavit or otherwise, a clerk enters default. Fed. R. Civ. P. 55(a).

Second, after obtaining a clerk's default, a plaintiff must move for default judgment. Fed. R. Civ. P. 55(b). Before granting a default judgment, however, a court must confirm it has jurisdiction over the claims, including that the complaint states a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(1), (2); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999); *Anderson v. Blueshore Recovery Sys., LLC*, 2016 WL 1317706, at *2 (M.D. Fla. Feb. 25, 2016), *report and recommendation adopted*, 2016 WL 1305288 (M.D. Fla. Apr. 4, 2016). Well-pleaded allegations of fact are admitted by default. *Id.* If a plaintiff's complaint fails to state a claim, a default judgment cannot stand. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n. 41 (11th Cir. 1997) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true.")). A court must also ensure adequate service of process because a court lacks jurisdiction over a defendant who is not properly served. *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990).

The Motion is due to be denied because the United States has not established adequate service of process. The United States does not address service of process in the Motion but there is a "Proof of Service" on the docket regarding the personal service of both Facciponti and Sorensen. Docs. 19, 20. The "Proof of Service," however, only reflects service of the summons.

*Id.*[1]  For service to be effective "[a] summons must be served with a copy of the complaint." Fed.R.Civ.P. 4(c)(1).  Because there is no evidence that the United States served Facciponti and Sorensen with a copy of the Complaint, *in addition to* the summonses, the United States has failed to carry its burden to show that the requirements for service have been satisfied.  *See Reaves v. RCS Capital*, 2020 WL 7395558, at *2 (N.D. Ga. Jan. 8, 2020) (denying a motion for default judgment where an affidavit of service did not affirmatively state that the defendant's registered agent also was served with a copy of the complaint as required by Rule (c)(1)); *see also Sumner v. Premier Financial & Credit Services*, 2018 WL 6726541, at *2 (N.D. Ga. Oct. 3, 2018), *report and recommendation adopted by*, 2019 WL 8587213 (N.D. Ga. Nov. 25, 2019) (dismissing a complaint under Rule 4(m) as the amended affidavit of service "still" did not state that a copy of the complaint was served with the summons); *Seeberger v. Goodman*, 2015 WL 13659258, at *25 (D.N.M. Aug. 25, 2015) (finding service to be ineffective where the affidavits of service did not indicate that a copy of the complaint was delivered).

The Court notes that the "Proof of Service" is the second page of the AO 440 form, and the first page of that form refers to the "attached complaint."  Docs. 3, 19, 20.[2]  While there does not appear to be much guidance on the issue, there is at least one court that rejected an argument that the AO 440 form's reference to the complaint on the first page should be deemed incorporated into the proof of service on the second page.  *Midgett v. Cooper*, 2022 WL 795762 (M.D.N.C. March 16, 2022).  The *Midgett* court found that the plaintiffs did not provide "authority for the contention that the second page of the Form AO 440 is sufficient to implicitly prove service of

---

[1] To the contrary, the return of service for Shiffman reflects service of the Complaint and the summons, but Shiffman is not the subject of the Motion. Doc. 14.

[2] The "Proof of Service" for Facciponti and Sorensen also reflect the header for Doc. 3, which are the original issued summonses.  Docs. 19, 20.

both the summons and the complaint." *Id*. at *1 (emphasis in original). The court determined that other courts require the affidavit to reflect service of both "if each is not explicitly stated on the second page of the Form AO 440" and, since the plaintiffs failed to file a separate affidavit from the process server attesting to service of the complaint, it was improper to rely on the Form AO 440 to prove service of the complaint. *Id*. The Court agrees with *Midgett* and finds that the process server's representations to the Court on the second pages of the AO 440 that Facciponti and Sorensen were personally served with the summonses does not persuade the Court that Facciponti and Sorensen were properly served.

Finally, while not the subject of the Motion, the United States provides that Shiffman is a party to this suit because she is the transferor, but the United States is not seeking a judgment against her. Doc. 24 at 2. Lillian Shiffman is listed as a named Defendant in this case and on July 13, 2023, the United States moved for a Clerk's Entry of Default against "defendant Lillian Shiffman." Doc. 16 at 1. The Clerk entered the default. Doc. 18. Local Rule 1.10(c) requires a party within 35 days after entry of a default to apply for the default judgment or file a paper identifying each unresolved issue—such as the liability of another defendant—necessary to entry of the default judgment. The United States has not complied with this requirement, nor has it cited any authority as to why Shiffman should remain in the case as the "transferor" when it previously sought default against her as a defendant.

Based on the foregoing, it is **ORDERED** that:

1. the United States' Motion (Doc. 24) is **DENIED without prejudice**; and
2. **on or before December 1, 2023**, the United States shall show cause why the case against Lillian Shiffman should not be dismissed for failure to prosecute.

Ordered in Orlando, Florida on November 13, 2023.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy